IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES D. LOSEY, <br><br> Petitioner, <br><br> v. <br><br> JOHN FAYRAM, <br><br> Respondent. | No. 10-1002-EJM <br><br> ORDER |

This matter is before the court on petitioner's Petition for Writ of Habeas Corpus, filed February 4, 2010, and on petitioner's motion for appointment of counsel, filed August 10, 2010. The briefing schedule concluded on October 15, 2010. Denied.

Petitioner, presently confined in the Anamosa State Penitentiary, brings this action pursuant to 28 USC §2254 to challenge the legality of his conviction in the Iowa District Court for Dubuque County for robbery in the second degree. The court has jurisdiction pursuant to 28 USC §1331.

Petitioner raises the following grounds:

1. The state district court erred in finding sufficient evidence to support his conviction.

2. The state district court erred in denying him the right to conflict-free counsel by failing to thoroughly inquire into his allegations of a conflict with counsel.

1

3. Ineffective assistance of counsel arising from defense counsel's failure to object to improper closing argument, or requesting a curative instruction thereon.

4. Violations of the 5th, 6th, and 14th Amendments to the US Constitution arising from defense counsel's failure to depose certain witnesses sufficiently in advance of trial.

5. Violations of the 4th, 5th, 6th, and 14th Amendments to the US Constitution arising from defense counsel's failure to file a timely motion to suppress certain evidence.

6. Denial of right to due process and effective assistance of counsel under the 6th and 14th Amendments to the US Constitution arising from certain mental diagnoses in the months prior to trial, coercion by jailors to take medications therefor, and defense counsel's failure to apprise the court, prior to trial, of petitioner's psychiatric evaluation and medications.

7. Denial of effective assistance of counsel on postconviction relief application, arising from ineffectiveness of trial counsel and postconviction counsel as to identification procedures.

At the outset, the court notes that habeas relief may be granted only upon a finding that the challenged state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 USC §2254(d).

Beginning with petitioner's claim as to the sufficiency of the evidence, the court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." Skillicorn v. Luebbers, 475 F3d 965 (8th Cir. 2007) (citation omitted). For the reasons set forth in the Iowa Court of Appeals' decision, State v. Losey, 2006 WL 3802925, *2-3, (Iowa App. 2006), the court is satisfied that petitioner's claim is without merit.

Second, as to petitioner's claim that the trial court failed to thoroughly inquire into allegations of a conflict with counsel, for the reasons set forth by the court in State v. Losey, 2006 WL 3802925, at *4-5, (Iowa App. 2006), the court is satisfied that this claim is without merit.

Third, turning to petitioner's claim of ineffective assistive of counsel in failing to object to improper closing arguments, and failure to request a curative instruction, the court is satisfied that in light of the overwhelming evidence of guilt, there could have been no prejudice from the claimed deficiency, Strickland v. Washington, 466 US 668 (1984), and therefore this claim is without merit.

Fourth, as to petitioner's claim that his trial counsel was ineffective in failing to timely take additional depositions including that of a DNA criminalist, in light of the appropriate standards and for the reasons discussed by the postconviction court in its order dated October 30, 2008, filed November 3, 2008, the court is satisfied that this claim is without merit.

Fifth, as to petitioner's claim that trial counsel was ineffective in not seeking to suppress certain evidence, in light of the appropriate standards and for the reasons discussed by the postconviction court, the court finds this claim to be without merit.

Sixth, as to petitioner's claim based upon counsel's failure to raise a mental health defense including competency and diminished capacity, in light of the appropriate standards, and including the reasons noted by the postconviction

court, as well as the Iowa Court of Appeals' decision in Losey v. State, 2009 WL 3775137 (IA App. 2009) at *2, the court is satisfied that this claim is without merit.

Finally, as to petitioner's claim of ineffective assistance with regard to suggestive identification procedures, for the reasons discussed in Losey v. State, 2009 WL 3775137 at *2-5, and for the separate and independent reason that claimed ineffectiveness of postconviction counsel is not cognizable in the instant petition, see 28 USC §2254(i), this claim is without merit.

While petitioner requested appointment of counsel, upon consideration of the factual and legal complexity of this matter, as well as petitioner's ability to explore and articulate his claims as demonstrated by the record, the court is satisfied that appointment of counsel is unwarranted.

Upon the foregoing, the motion for counsel and the Petition shall be denied. It is the court's further view that the standards for a certificate of appealability are not met, see 28 USC §2253(c)(2), and therefore no certificate of appealability will issue.

It is therefore

Ordered

Denied.

A certificate of appealability shall not be issued.

October 26, 2010.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT